UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g) AND PLAINTIFF BE REQUIRED TO SUBMIT THE $400.00 FILING FEE IN FULL WITHIN THIRTY DAYS<br>(ECF No. 2.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

## I.    BACKGROUND

Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on November 15, 2017, together with an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff's application to proceed *in forma pauperis* is now before the court.

1

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**Discussion**

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury.[1]

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's Complaint arises from events beginning on June 13, 2013, in which Plaintiff alleges that he refused to relinquish his waist chain mechanical restraints, insisting that he should be allowed to talk to the Sergeant about his grievances, was pepper-sprayed, denied medical treatment, not allowed to decontaminate himself, and found guilty of false allegations. Plaintiff fails to allege facts in the Complaint indicating he was under imminent danger at the time he filed the Complaint. Based on the foregoing, the court finds that Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Plaintiff's application to

///

---

[1] The Court takes judicial notice of the following cases which count as strikes: 1) Robinson v. Davis, et al., 2:03-cv-02085-FCD (E.D. Cal.) (dismissed February 22, 2008, for failure to state a claim); 2) Robinson v. Davis, et al., 08-15632 (9th Cir. 2010) (dismissed March 9, 2010, as frivolous); (3) Robinson v. Brown, et al., 2:12-cv-01776-MCE-DAD (E.D. Cal.) (dismissed August 15, 2014, as barred by *res judicata*); and (4) Robinson v. Superior Court, et al., 2:17-cv-02779-PSG-JC (C.D. Cal.) (dismissed May 24, 2017, for failure to state a claim).

proceed *in forma pauperis* should be denied, and Plaintiff should be required to pay the $400.00 filing fee in full within thirty days.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed *in forma pauperis*, filed on November 15, 2017, be DENIED; and
2. Plaintiff be required to pay the $400.00 filing fee for this action in full within thirty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**November 27, 2017**__        __**/s/ Gary S. Austin**__
                                                                   UNITED STATES MAGISTRATE JUDGE