UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONY L. ROBINSON, | 1:17-cv-01524-DAD-GSA-PC |
|---|---|
| Plaintiff, | ORDER STRIKING COMPLAINT FOR LACK OF SIGNATURE |
| vs. | (ECF No. 1.) |
| DAVE DAVEY, et al., | ORDER FOR PLAINTIFF TO FILE AN AMENDED COMPLAINT BEARING HIS SIGNATURE WITHIN THIRTY DAYS |
| Defendants. | |
| | ORDER FOR CLERK TO SEND PLAINTIFF A § 1983 COMPLAINT FORM |

Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on November 15, 2017. (ECF Nos. 1, 2.)

Plaintiff's Complaint is unsigned. All filings submitted to the court must bear the signature of the filing party. Local Rule 131; Fed. R. Civ. P. 11(a). Therefore, Plaintiff's Complaint shall be stricken from the record, and Plaintiff shall be required to file an amended complaint bearing his signature within thirty days.

Plaintiff is advised that the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones,

1

297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on November 15, 2017.

Plaintiff is also advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, filed on November 15, 2017, is STRICKEN from the record for lack of signature;
2. Within thirty days from the date of service of this order, Plaintiff is required to submit an amended complaint bearing his signature;
3. Plaintiff shall title the amended complaint "First Amended Complaint," refer to case number 17-cv-01524-DAD-GSA-PC, and bear Plaintiff's original signature;
4. The Clerk is directed to send Plaintiff a form § 1983 complaint; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **May 22, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE