UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVE DAVEY, et al.,<br><br>    Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION BE DENIED**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed the Complaint commencing this action on November 15, 2017. (ECF Nos. 1, 2.)

Plaintiff's Complaint was unsigned. On May 22, 2018, the court issued an order striking the Complaint for lack of signature and granted Plaintiff thirty days to submit a signed complaint. (ECF No. 20.) On July 2, 2018, Plaintiff filed the First Amended Complaint bearing his signature. (ECF No. 24.)

In the First Amended Complaint, Plaintiff requests a preliminary injunction. (ECF No. 24 at 28 ¶58.) Plaintiff's request is now before the court.

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19, 129 S.Ct. 365, 376 (2008). (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 21 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### Analysis

Plaintiff seeks a court order prohibiting Defendants from using pepper spray, banning the use of pepper spray by the California Department of Corrections and Rehabilitation, stopping employees from turning a blind eye on the crime and misconduct of other employees, and "exclud[ing] them from receiving retirement benefits." ECF No. 24 at 28 ¶58.)

Plaintiff brings this case against prison officials at Corcoran State Prison for events allegedly occurring in 2013 when Plaintiff was incarcerated at Corcoran State Prison. Plaintiff now requests a court order protecting him from present and future actions by prison officials at Corcoran State Prison. Such an order would not remedy any of the claims in this case which is based upon events occurring in 2013. Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's request for a preliminary injunction must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's request for preliminary injunctive relief be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 17, 2018**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE