# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | 1:17-cv-01524-DAD-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 36.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 15, 2017. (ECF No. 1.)

On December 3, 2018, plaintiff filed a motion for a preliminary injunction, which is now before the court. (ECF No. 36.)

## II. PRELIMINARY INJUNCTION

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19, 129 S.Ct. 365, 376 (2008).

(citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 21 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.

### **Analysis**

Plaintiff requests the court to order Defendants to return Plaintiff's legal property to him at Corcoran State Prison, where Plaintiff is currently incarcerated.[1]  Plaintiff believes that his property was sent to Salinas Valley State Prison (SVSP) on November 19, 2018, because Plaintiff was scheduled to be transferred to SVSP on that date, but Plaintiff has learned that he is not going to be transferred.  Plaintiff asserts that he needs his property to respond to the court's order directing him to either amend the complaint or notify the court that he wishes to proceed on the claims found cognizable by the court.

Plaintiff brings this § 1983 case against prison officials at Corcoran State Prison for events allegedly occurring there in 2013.  Plaintiff now requests a court order compelling prison officials at Corcoran State Prison to act on his behalf.   Such an order would not remedy any of the claims in this case, which is based upon past events occurring in 2013.  Moreover, the court has no jurisdiction over any of the defendants in this case because none of the defendants have appeared in this case.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).   Further, the court recognizes that

---

[1] Plaintiff also requests copies of his complaint and the court's order directing him to either amend the complaint or notify the court that he wishes to proceed on the claims found cognizable by the court. (ECF No. 36 at 5:12-15.)  By separate order, this request shall be granted.

prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970).

Accordingly, Plaintiff's request for a preliminary injunction must be denied.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction, filed on December 3, 2018, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 5, 2018**         /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE