UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 42.)**<br><br>**ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME TO COMPLY WITH THE COURT'S OCTOBER 28, 2018 SCREENING ORDER**<br>**(ECF No. 29.)**<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER:**<br><br>  **(1)  FILE A SECOND AMENDED COMPLAINT,**<br><br>       **OR**<br><br>  **(2)  NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY WITH THE CLAIMS FOUND COGNIZABLE BY THE COURT**<br><br>**THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

      Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 15, 2017. (ECF No. 1.)

1

1  Plaintiff's original Complaint was unsigned. On May 22, 2018, the court issued an order striking the Complaint for lack of signature and granted Plaintiff thirty days to submit a signed complaint. (ECF No. 20.) On July 2, 2018, Plaintiff filed a First Amended Complaint bearing his signature. (ECF No. 24.) On October 29, 2018, the court issued a screening order requiring Plaintiff to either (1) file a Second Amended Complaint, or (2) notify the court that he is willing to proceed only with the claims found cognizable by the court. (ECF No. 29.) On January 2, 2019, Plaintiff filed objections to the screening order which the court construes as a motion for reconsideration of the screening order. (ECF No. 42.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare

Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff requests the court to reconsider the screening order issued on October 29, 2018, reinstate his claims, and direct the Marshal to serve all of the defendants. Plaintiff disagrees with the court's assessment of his claims in the First Amended Complaint and argues at length that all of his claims in the First Amended Complaint are cognizable, but the court has misunderstood the facts. Conversely, Plaintiff states that he has decided to proceed with the claims found cognizable by the court because he does not have access to his property and therefore cannot amend the complaint. Plaintiff states that he is temporarily housed at California State Prison-Sacramento on a state court matter and expects to be transferred back to Corcoran State Prison after December 28, 2018.

Plaintiff's motion for reconsideration shall be denied. At this stage of the proceedings if Plaintiff disagrees with the court's screening order his remedy is to file a Second Amended Complaint clearly and succinctly stating the allegations and claims upon which he wishes to proceed. With the expectation that Plaintiff will be returned to Corcoran State Prison and given access to his property, Plaintiff shall be granted additional time to prepare and file a Second Amended Complaint. In the alternative, if Plaintiff has genuinely decided he does not wish to amend the complaint and is willing to proceed only with the claims found cognizable by the court, Plaintiff may so notify the court in writing.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on January 2, 2019, is DENIED;
2. Plaintiff is granted an extension of time in which to comply with the court's October 29, 2018 screening order;
3. Within thirty days from the date of service of this order, Plaintiff is required to either: (1) file a Second Amended Complaint, or (2) notify the court in writing

///

that he does not wish to amend the complaint and is willing to proceed only with the claims found cognizable by the court; and

4. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **January 12, 2019**                           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE