UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>      Plaintiff,<br><br>    vs.<br><br>DAVE DAVEY, et al.,<br><br>      Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS PETERSON AND GERMAN'S MOTION TO MODIFY SCHEDULING ORDER (ECF No. 63.)**<br><br>**ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES**<br><br><u>**New Discovery Deadline**</u>:      **October 2, 2020**<br><br><u>**New Dispositive Motions Deadline**</u>:  **December 2, 2020** |

**I.    BACKGROUND**

      Anthony L. Robinson ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint filed on July 2, 2018, against defendant C/O H. German for use of excessive force, and against defendants Sgt. A. Peterson and S. Gonzales-Thompson (LVN) for providing inadequate medical care, in violation of the Eighth Amendment.  (ECF No. 24.)

      On January 2, 2020, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of July 2, 2020, and a dispositive

motions deadline of September 2, 2020. (ECF No. 61.) On April 14, 2020, defendants Peterson and German filed a motion to modify the Scheduling Order. (ECF No. 63.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants Peterson and German request a ninety-day extension of the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order, "due to the ever-evolving response to mitigate the COVID-19 crisis – including strictly limited movement of both parties and correctional staff within CDCR institutions – which has significantly hampered the parties' ability to conduct discovery." (ECF No. 63 at 1:24-27 and Declaration of David E. Kuchinsky at 4-8.)

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling order. Defendants Peterson and German have shown that even with the exercise of due diligence they cannot meet the requirements of the order. Therefore, the motion to modify the Scheduling Order filed by defendants Peterson and German shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants Peterson and German's motion to modify the court's Scheduling Order, filed on April 14, 2020, is GRANTED;
2. The deadline for the completion of discovery is extended from July 2, 2020 to **October 2, 2020** for all parties to this action;

3. The deadline for filing and serving pretrial dispositive motions is extended from September 2, 2020 to **December 2, 2020** for all parties to this action; and

4. All other provisions of the court's January 2, 2020 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

    Dated:   **April 15, 2020**                              **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE