UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>DAVE DAVEY, et al.,<br><br>    Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT GONZALEZ-THOMPSON SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EFFECT SERVICE**<br>**(ECF No. 65.)**<br><br>**THIRTY DAY DEADLINE** |

**I.    RELEVANT PROCEDURAL HISTORY**

Anthony L. Robinson ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint filed on July 2, 2018, against defendant C/O H. German for use of excessive force, and against defendants Sgt. A. Peterson and S. Gonzales-Thompson (LVN) for providing inadequate medical care in violation of the Eighth Amendment. (ECF No. 24.)

On August 22, 2019, the court issued an order directing the United States Marshal ("Marshal") to serve process upon defendants German, Peterson, and Gonzales-Thompson. (ECF No. 57.) On June 15, 2020, the Marshal filed a return of service unexecuted as to defendant Gonzales-Thompson indicating that the Marshal was unable to locate defendant Gonzales-Thompson for service of process. (ECF No. 65.)

**II.    SERVICE BY UNITED STATES MARSHAL**

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court B on motion or on its own after notice to the plaintiff B must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

### *Background*

The return of service filed by the Marshal on June 15, 2020, indicates that on August 27, 2019, the Corcoran State Prison Litigation Coordinator reviewed all documents and contacted the Medical Contractor, but there is no record of an employee named S. Gonzalez-Thompson. (ECF No. 65.) The Marshal certified that he or she was unable to locate defendant S. Gonzalez-Thompson. (Id.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with an opportunity to show cause why defendant S. Gonzalez-Thompson should not be dismissed from this action for failure to serve process. Plaintiff has not as yet provided sufficient information to identify and locate

defendant S. Gonzalez-Thompson for service of process. If Plaintiff is unable to provide the Marshal with additional information, defendant S. Gonzalez-Thompson shall be dismissed from this action.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant S. Gonzalez-Thompson should not be dismissed from this action pursuant to Rule 4(m); and

2. Plaintiff's failure to respond to this order may result in the dismissal of defendant S. Gonzalez-Thompson or dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:  **June 16, 2020**                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE