UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVE DAVEY, et al.,<br><br>　　　　Defendants. | 1:17-cv-01524-DAD-GSA (PC)<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 78.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

### I.　BACKGROUND

Anthony L. Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 15, 2017. (ECF No. 1.)

On February 22, 2021, Plaintiff filed a motion for access to his legal property, ink pens, legal copies, legal supplies, and envelopes. Plaintiff's motion is ambiguous as it is unclear whether he intended to direct one of his requests to CDCR and CSP-Sac ("Plaintiff requests CDCR, CSP-Sac, to send his property") or to the court. However, to the extent that Plaintiff seeks a court order for prison officials to provide him with his legal property, ink pens, legal

copies, legal supplies, and envelopes, the court shall construe Plaintiff's motion as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19, 129 S.Ct. 365, 376 (2008). (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 21 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

**Analysis**

Plaintiff seeks a court order requiring officials at California State Prison-Sacramento, where Plaintiff was previously housed, to send his legal property to him, and requiring officials at the Los Angeles County Mens Central Jail, where Plaintiff is currently housed, to provide him with ink pens, legal copies, legal supplies, and envelopes. (ECF No. 78 at 4:19-26.)

The court lacks jurisdiction to issue the order sought by Plaintiff. Plaintiff brings this § 1983 case against prison officials at Corcoran State Prison for using excessive force against him and providing him with inadequate medical care back in 2013. Plaintiff's current motion is a request for the court to order officials at California State Prison-Sacramento to send his legal property to him, and for officials at Los Angeles County Mens Central Jail to provide him with ink pens, legal copies, legal supplies, and envelopes. Such an order would not remedy any of the claims in this case, which concern excessive force and inadequate medical care occurring in 2013 at Corcoran State Prison. Moreover, the court has no jurisdiction over the California State Prison-

Sacramento nor the Los Angeles County Mens Central Jail, as neither of those institutions, or officials at those institutions, are before the court in this case. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985). Further, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970).

Accordingly, Plaintiff's motion for preliminary injunctive relief should be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on February 22, 2021, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the objections are filed. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 19, 2021**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE