UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DAVE DAVEY, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO PROSECUTE**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I.　BACKGROUND

Anthony L. Robinson ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint filed on July 2, 2018, against defendant C/O H. German for use of excessive force, and against defendants Sgt. A. Peterson and S. Thomas-Beltran[1] (LVN) for providing inadequate medical care, in violation of the Eighth Amendment.  (ECF No. 24.)

## II.　FINDINGS

On August 6, 2021, the court issued an order granting defendants' motion to modify the scheduling order.  (ECF No. 84.)  The order was served upon Plaintiff at his last known address according to the court's record.[2]

---

[1] Sued as S. Gonzales-Thompson.

[2] Plaintiff's last known address at the court was:  Anthony L. Robinson, 5815933, Los Angeles County Jail (Central), 450 Bauchet Street, Los Angeles, California  90012.  Plaintiff has not communicated with the court since April 5, 2021.  (ECF No. 81.)

The United States Postal Service returned the order on August 18, 2021 as undeliverable. A notation on the envelope indicated "Insufficient Address; Unable to Identify." (Court record.) Plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 183(b).

Pursuant to Local Rule 183(b), "A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

In this case, more than eighty (80) days have passed since Plaintiff's mail was returned, and he has not notified the court of a current address.

The Court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since November 15, 2017. The court cannot hold this case in abeyance indefinitely based on Plaintiff's failure to notify the court of his current address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522,

524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the court apprised of his current address, no lesser sanction is feasible.

### III.    RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, the court **HEREBY RECOMMENDS** that:

1. This case be dismissed, without prejudice, for Plaintiff's failure to prosecute; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **October 29, 2021**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE