UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVE DAVEY, et al.,<br><br>        Defendants. | 1:17-cv-01524-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION TO REOPEN CASE BE DENIED (Doc. No. 88.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN 14 DAYS** |

## I. BACKGROUND

This civil rights action, filed under 42 U.S.C. § 1983 by Plaintiff Anthony L. Robinson, was dismissed, without prejudice, on December 2, 2021 due to Plaintiff's failure to prosecute and failure to keep the court apprised of his current mailing address. (Doc. No. 86.) On January 3, 2022, Plaintiff filed a motion for extension of time to respond to court deadlines which the court construes as a motion to reopen the case. (Doc. No. 88.)

## II. MOTION TO REOPEN CASE

### A. Legal Standards

Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). A

motion for reconsideration on any of these grounds must be brought within a reasonable time, and no later than one year, of the entry of the judgment or the order being challenged. Id. "Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court . . ." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn, 139 F.3d 664, 665 (9th Cir. 1997).

### B. Plaintiff's Motion

Plaintiff requests an extension of time "for righteous cause shown" to reply to any recent court proceedings and court orders, or any pleadings filed by the Defendants since August 3, 2021. (Doc. No. 88 at 1:21.) Plaintiff reports that he was released on parole on August 3, 2021 and now intends to prosecute this case. He asserts that he has not received any court orders through CDCR prison mail to Compton's parole office since August 3, 2021. Plaintiff also informs the court of his current street address.

Plaintiff does not present any basis under Rule 60 for reopening his case. Plaintiff did not receive mail from the court beginning in August 2021 because he failed to keep the court apprised of his change of address. Pursuant to Local Rule 183(b), "A party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." In this case, more than eighty (80) days passed between the time Plaintiff's mail was returned to the court and his case was dismissed for failure to prosecute. Moreover, more than thirty (30) additional days passed after the dismissal before Plaintiff notified the court of his current address.

Based on this record the court should not grant Plaintiff's motion to reopen this case. Plaintiff's case was dismissed on December 2, 2021, *without prejudice,* and if he wishes to prosecute this case now he may file a new complaint.

### III. RECOMMENDATIONS AND CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion to reopen this case, filed on January 3, 2022, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 5, 2022**                             **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE